IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ASIF KADIANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  03-3236 |
| | ) | |
| KM2 DESIGN GROUP, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Asif Kadiani's Motion in Limine (d/e 39) to preclude Defendant KM2 Design Group, P.C. (KM2) from introducing into evidence any information pertaining to the Illinois Department of Human Rights (IDHR) or Equal Employment Commission's (EEOC) administrative findings, determinations and conclusions in this case.  For the reasons set forth below, Kadiani's Motion is allowed.

BACKGROUND

On October 22, 2003, Plaintiff filed this action against Defendant alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

1

2000e-2(a)(1).  On July 26, 2004, Plaintiff filed an Amended Complaint (d/e 20) that consisted of seven counts.  Plaintiff voluntarily dismissed Counts II and V of the Amended Complaint which had claimed discrimination on the basis of national origin.  Defendant filed a Motion for Summary Judgment (d/e 33) which the Court allowed in part and denied in part.  Partial summary judgment was entered in favor of KM2 and against Kadiani with respect to Counts I, IV, VI, and VII of the First Amended Complaint.  See Opinion (d/e 37).  The remaining count that survived summary judgment alleges that KM2 discriminated against Kadiani because of his religious beliefs when it hired Abbas Lohrasbi and reduced Kadiani's duties and responsibilities.

## ANALYSIS

Kadiani asks the Court to preclude KM2 from introducing into evidence any information pertaining to the IDHR or EEOC's administrative findings, determinations and conclusions in this case.  Kadiani argues that administrative findings regarding claims of discrimination are generally admissible under Fed.R.Evid. 803(8)(C). This exception applies "unless the sources of information or other circumstances indicate lack of trustworthiness."  Fed.R.Evid. 803(8)(C).  However, district courts have

2

great discretion when deciding whether to give great or little weight to administrative findings. Tulloss v. Near North Montessori School, Inc., 776 F.2d 150, 153 (7th Cir. 1985). In ruling on the admissibility of administrative findings, district courts must determine whether the prejudicial effect of admitting such information outweighs its probative value and thereby renders it inadmissible under Fed.R.Evid. 403.

Admitting the determinations of the IDHR and EEOC at trial regarding the same evidence presented to this Court would unduly prejudice Plaintiff and confuse the jury.[1] The Court, thus, finds that admitting the findings of administrative hearings in this case with respect to Plaintiff's charge of discrimination is "tantamount to saying this has already been decided and here is the decision." Tullos, 776 F.2d at 154; Brom v. Bozell, Jacobos, Kenyon & Eckhardt, Inc., 867 F.Supp. 686, 692 (N.D. Ill. 1994). Further, Congress provided for full judicial review on the merits of Title VII discrimination claims. Tullos, 776 F.2d at 152. Indeed, the fact-finder is a district judge or jury, not an administrative agency hearing officer. Id.

The Court, therefore, finds that the prejudicial effect of presenting

---

[1] The Court finds no evidence indicating that the evidentiary materials that were available to the IDHR and EEOC are not available to this Court. See Young v. James Green Management, 327 F.3d 616, 625 (7th Cir. 2003).

the findings of the administrative hearings substantially outweighs their probative value. Any evidence or testimony regarding the administrative findings, determinations or conclusions made by the IDHR or EEOC will be accordingly excluded from evidence at trial.

## CONCLUSION

THEREFORE, Plaintiff's Motion in Limine (d/e 39) is ALLOWED.

IT IS THEREFORE SO ORDERED.

ENTER: February 22, 2006.

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE